oral argument not to exceed 15 minutes per side. Mr. Patterson for the defendant appellant. May it please the court, Peter A. Patterson for the appellant, Sean Murphy. I've asked to reserve three minutes for rebuttal time. That's fine. We're here today asking the court to vacate the sentence imposed upon Mr. Murphy on resentencing on account of several errors that occurred during the resentencing proceeding. I'd like to focus here today on three of those errors. The first is that the district court did not apply the guidelines correctly. The second is that the district court did not explain its decision adequately to order a consecutive service of Mr. Murphy's sentence with an anticipated state sentence. And the third is that the district court ratified the prosecutor's unconstitutional motive for not filing a substantial assistance motion. The first issue is the incorrect application of the guidelines. This court has made clear that a critical part of every sentencing as the first step is the correct calculation of the applicable guidelines sentence. And here that didn't happen. And the reason it didn't happen is because Mr. Murphy's statutory maximum sentence was less than the sentence that the guidelines would have otherwise called for. And under sections 5G1.2, which incorporates 5G1.1, when that happens, the guideline sentence is the statutory maximum sentence. And in this case, there's absolutely no indication on the record that the district court appreciated that fact. The district court calculated the guidelines range as 262 to 327 months, never stated anything indicating that it acknowledged that the statutory maximum was the guideline sentence. And then upon sentencing, Mr. Murphy said that among the things he took into consideration was the advisory sentencing guidelines. So this is very similar to the Second Circuit's case in Dorvey, which found plain error in a similar situation. So given this error, this court, under its precedent in Story and Duckrow, the precedent is that it must reverse unless it can be certain that the guidelines error did not impact Mr. Murphy's sentence. And here, again, if you read what the district court said, which was that he considered the advisory sentencing guidelines in selecting his sentence, it has to be accepted that this potentially impacted Mr. Murphy's sentence. So on that basis alone, his sentence should be vacated and remanded. Did the district judge acknowledge the 180-month statutory maximum at all? I thought that he did. Yes. And that he noted that he couldn't sentence above it. Yes. He acknowledged that it was a statutory maximum. But what he didn't acknowledge is that it was the guideline sentence, and hence the sentence that should, is recommended to be applied in typical circumstances to the defendant. Again, it's on all fours with the Dorvey case in the Second Circuit, where the judge acknowledged that it was a statutory maximum, but never acknowledged that it was a guideline sentence or gave any indication that he recognized that it was a guideline sentence. The second issue that I mentioned is that the district court did not indicate its rationale for ordering Mr. Murphy's sentence to be served consecutively with an anticipated state sentence. When he was sentenced, and from my understanding still today, Mr. Murphy is awaiting prosecution on charges in state court, and the district court here ordered that his sentence be served consecutive with any sentence that is imposed in that proceeding. But the district court did not give any indication of what its rationale was. And under the Supreme Court's decision in Setzer, which established the district court's discretion to make this type of order, it emphasized that any such order must be, or any such discretion must be exercised intelligently. And in similar context, this court in Cochran and the cases following from it, has said that the judge must indicate on the record its rationale, either expressly or by incorporating some other discussion by reference. And here the court did not do that. There are basically two instances in which the court mentions the consecutive nature of the sentence. First, before going into an explanation of his sentence, the judge, just paraphrasing, said, under the Supreme Court's decision in Setzer, I order these sentences to be served consecutively. And then at the close of his explanation for the sentence, the judge, again paraphrasing, said, the sentence I'm imposing today, which will be served consecutively with any state sentence, is sufficient and not excessive to, under the guidelines. The judge did note, as I recall, that he was imposing this sentence because of the defendant's lengthy criminal history, purposes of public safety, rehabilitation, sentencing parity, things of that nature. Would that not be sufficient reasons under the law to support this sentence? It potentially could be sufficient reasons if he said, and that's the reason why I'm imposing consecutive sentences. But he did not. And there were a few things that he did not consider in the related context of when a sentence has already been imposed by a state court. The guidelines, the commentary to 5G 1.3, say among the things that should be considered are the amount of time that the other sentence potentially being faced, or in that situation it is being faced, the amount of time that would be served, the amount of time that the person would have left afterwards. And there's no discussion of any of those types of factors. And notably here, one thing that the district judge did give Mr. Murphy some credit for was family responsibilities. He has some young children. Their mothers have serious health conditions. And the judge said he did take that into account in his sentencing. And Mr. Murphy is facing potentially, as we state in our briefs, 20 years, if not more, on a state sentence. And that could be a significant difference in the terms of his ability to fulfill those family responsibilities. And the judge gave no indication that he had considered that or acknowledged that. And, again, under this court's decisions in Cochran and the progeny from that, the judge has to do more. And the third thing that I wanted to discuss today is the judge's ratification of the prosecutor's unconstitutional motive for not filing a substantial assistance motion. Under Wade, the Supreme Court has made clear that a substantial assistance motion can't be withheld for an unconstitutional reason. The appellate courts that have considered the matter have held that punishing someone for going to trial is an unconstitutional reason. And here, the record is clear that the reason that a substantial assistance motion was not filed was because Mr. Murphy went to trial and attempted to contest his guilt. In the sentencing memorandum, the government stated clearly, you know, the fact of the matter is that Mr. Murphy went to trial and forced us to expend resources in convicting him. Again, at the sentencing hearing, they made a similar comment. The district court, in ruling on Mr. Murphy's substantial assistance aspect of his case, said, you know, again, paraphrasing, the fact of the matter is he went to trial, and if he would not have gone to trial, he would have gotten some credit. At what point was the government's failure to make this motion, at what point did you object to that? Mr. Murphy raised it both in his original sentencing hearing and in his subsequent sentencing hearing in the briefing on the sentencing, in arguing that he should get a downward departure. No, no, no, the unconstitutional motive. Oh, yes, he said that the government cannot punish a person for doing something that is their legal right, and that for that reason he should be granted a downward motion. I think I have the page numbers here. That was raised in the first appeal of his sentence. Okay, it's on, just in his resentencing brief, 2548 to 2549 of the record. That's his resentencing brief. Yes. Did he object the first time around when he appealed his sentence in the first instance? He didn't object in this court when he appealed it in the first instance. Well, I mean, to what appeals court would he have objected if he didn't object to this court? No, no other. I wasn't clear if you were talking about before the district court in the first sentence. No, I'm just trying to figure out if he didn't appeal this when he appealed his sentence the first time, what's your best case that says, oh, but you can now raise it the second time, in your second appeal? My best case is the Boudreau case, which we've cited, because the government did not raise a waiver argument in the district court. And in the Boudreau case, this court said that if a waiver argument is not raised in the district court, then on a subsequent appeal, that waiver argument is waived. So waiver itself is an argument that can be waived, and the government has waived this waiver argument. Again, it's, I believe, a 2009 decision from this court. And on this- I'm not, maybe I'm not, so you're saying that if there's no objection raised the first time around and the government doesn't object to the failure to raise it, then there's a waiver on the part of the government. Yes. How would the government know to raise the failure to object if the government doesn't know that there is an objection? Well, let me make sure. We may be talking past one another here, I'm afraid. So what happened here is, Murphy had an initial sentencing hearing. He took an appeal. On the appeal, he did not raise this unconstitutional motive argument. He went down to the district court for resentencing. He raised this unconstitutional motivation argument on the resentencing.  But I thought, I mean, we have some precedent in this court that says if you don't raise something like that in your first appeal- Right. Then you get resentenced. You can't raise things that were, that in fact were problems with your first sentencing. You can't raise them here if you didn't raise them the first time around. Right. And why does Boudreau apply? Because Boudreau was a case in which there was, I believe, an information filed basically that established a statutory minimum or something of that nature. And what happened was, I'm not sure if that was a factual scenario, but the scenario of the case was that there was a sentencing hearing. The case went up on appeal. The defendant did not raise the issue. The case went down for resentencing, got remanded for other reasons. The defendant again raised this issue. The government did not object in the district court. The case came before this court again. The defendant attempted to raise this argument. And the court addressed the waiver issue and said since the government did not raise waiver in the district court, the government has waived its waiver argument. Okay, I see a significant difference between that and this, but go ahead. Okay. And I see that my time has expired, so I will reserve the rest of my time for rebuttal. Okay. Further questions? Yes. Thank you. Good morning. Kim Robinson on behalf of the United States. I'd like to start this morning with your question, Judge Vatchelder, about when the unconstitutionality was raised. Mr. Murphy did not argue unconstitutionality in the original sentencing hearing. He argued that there was an improper motive, but never specified what he thought that improper motive was. So he did not argue unconstitutionality in the original sentencing or in the original appeal. He mentioned it briefly in his resentencing brief, but did not argue it in the actual resentencing hearing. There was no discussion of it at the resentencing hearing. So we believe that you are correct, that he waived that argument by not raising it in the original appeal. Unless you have further questions, I'll go ahead and address the first and third issues that he spent the majority of his time on. The first issue concerning the statutory maximum, I'd like to start by reminding the court that this was a plain error standard. As Mr. Patterson acknowledged, the district court identified that he could not sentence above the statutory maximum. He sentenced below the statutory maximum. He calculated the correct guidelines range. He varied it downward from the statutory maximum. The only case that Mr. Murphy cites in his favor, Door V, is a Second Circuit case. And certainly under the plain error standard, a district court could not be expected to rely on a Second Circuit case. And in any case, as we discussed in our briefs, that is inapplicable. The third issue concerning the explanation for consecutive sentences, the district court acknowledged in two places that the sentence was consecutive to state sentences because of the 3553 factors. As you noted, Judge Cole, he went through an extensive 3553 analysis. At the beginning of the discussion of 3553, he pronounced the sentence, the prison term, indicated that it would run consecutive to state sentences, and then proceeded to say, as justification for this sentence, and analyzed the 3553 factors. So that alone, we think, would be sufficient to indicate that the district court was issuing these consecutive because of the 3553 factors. In addition to that, at the end of the sentencing, the judge pronounced the sentence again, indicated the prison term and that it would run consecutive to sentences, and in the same sentence said, because of 3553, we believe that this is sufficient to address the concerns of sentencing. So those two things, we think, are more than enough to indicate the judge's reasoning for the purposes of appeal and compliant with Cochran. And of course, that is also a plain error standard, which is very generous to the judge. And as I indicated, I think Waiver takes care of the substantial assistance issue. Mr. Murphy did not raise it at any point before during the first appeal, and to the extent that they are arguing that we waived the waiver, I'd like to note that there was no—in a case where a waiver of discussion could be relevant, there's usually an extensive discussion of the issue in the district court. Here, the United States never participated in the discussion of the unconstitutionality of the decision not to file the substantial assistance motion. We did not discuss it in our resentencing brief, and there was no discussion of the constitutionality at the actual sentencing hearing. Mr. Murphy himself did not raise the unconstitutionality. The district court judge did not discuss it, and the United States did not discuss it. So it would be impossible to argue that we affirmatively waived the waiver argument because we never participated in a discussion of the substantial— I didn't think that waiver applied here. If we think that the government should have to explain its position, what in the record supports the government's view that there was nothing wrong with the way this—the decision was made not to make the motion? I would say three things. First, at the original sentencing hearing, there was an extensive hearing on whether there was assistance given. The district court found that—specifically found that the majority of assistance given was not actually assistance, that it was either duplicative or useless to the government. The district court incorporated its findings on the objections in the resentencing hearing. So there is extensive evidence that the United States did not file a substantial assistance motion because there was, in fact, no assistance. And number two, the misleading conduct of Mr. Murphy at trial. The United States discussed that in both of our sentencing—the original sentencing brief and the resentencing brief, and also in the resentencing hearing. Mr. Murphy proffered his exact participation in the crime, and then at trial, his theory was that he represented himself, gave an opening and closing statement on this theory, and elicited evidence on cross based on this theory, that he did not participate in the crime, that the co-conspirators carried it out based on a book that he wrote, Master Thief, How to Be a Professional Burglar. That was his theory at the trial court. So the United States could not ethically put him on the stand as a cooperating witness had he offered any assistance, because he had, in fact, misled the court, and the United States can't use a witness like that. And so that was discussed at the resentencing hearing, Mr. Murphy's untruthfulness at trial. And Mr. Murphy has never actually contested that that was the motive of the United States, that we denied it because of his untruthfulness. I think in a brief, he argued mainly that that was equivalent to right to trial. He did not contest that that was our motive. And Mr. Murphy has to show that, has to make a substantial threshold showing in the district court, our sole reason for failing to file it was unconstitutional. And I think that the, can't show that. The lack of assistance, which is well documented as our motive, and his misleading actions at trial, which make him inappropriate as a cooperating witness, I think are well documented in the original hearing, and particularly the misleading actions at trial are well documented in this resentencing hearing. Thank you. Thank you. Anything further? No, if there are more questions. Thank you. Thank you. Just a few things, Your Honor. First, on the consecutive versus concurrent issue, the 3553 analysis has to be done for the consecutive versus concurrent aspect of the sentence, as well as the substantive sentence. And whether or not the judge did that for the latter, there's no indication that the judge did it for the former. With respect to waiver, I respectfully submit that Mr. Murphy did preserve this issue, both on his first sentence. So you say that you're appealing both sentences, both the former and the latter? No, I'm just, she said that we did not raise this issue, either at our first sentence or the second sentence, the unconstitutional motivation argument. Mr. Murphy did address, on page 834 of the record and page 2649 of the record, those are his two sentencing memoranda. He raised the issue of the government's failure to file a 5K1 motion, and he didn't explicitly say it was because it was unconstitutional, but he said it was not rationally related to any legitimate government interest, and unconstitutionality is one of the only grounds on which a district court actually can depart under 5K1.1 without a motion. So we submit that it was enough to preserve the issue. Your honors can look at the record and determine that for yourselves. On the question of the motivation, it's clear, if you look at the colloquy at the resentencing, it's clear that the motivation was Mr. Murphy's decision to go to trial and contest his guilt. The government in that colloquy does not say, oh, and the assistance was not valuable. It says he went to trial and contested his guilt, and the district court on page 2640 in denying the 5K1.1 departure says, had he not gone to trial, he would have gotten some credit. So we submit that it's pretty clear that that was the motivation, and also the government says it's because of his untruthfulness. What the government testified at the sentencing hearing or represented at the sentencing hearing was that it would have been a different situation if Murphy had gone to trial and stood silent, and we submit that the right to trial is not the right to go to trial and stand silent, and this is not a case where Murphy did not get on the stand and testify and lie on the stand. He acted as his own counsel and presented theories of the case in his questioning of witnesses that were inconsistent with his proffer, but there's no indication that he lied under oath or anything like that because he did not testify. Thank you, Your Honor, and we again ask you to vacate and remand. Okay, thank you, counsel, both of you for your arguments today, and Mr. Patterson, I think you took this case under the Criminal Justice Act, and for that your client should be appreciative. We certainly as a court and as a system are appreciative and just want to acknowledge your service. So thank you both, and with that the case will be submitted.